IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KENNETH R. MARTINEZ,<br><br>Plaintiff, | MEMORANDUM DECISION AND ORDER ON ADMINISTRATIVE APPEAL |
| vs. | |
| JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>Defendant. | Case No. 2:06-CV-349 TS |

I.  PROCEDURAL BACKGROUND

Plaintiff filed for SSI benefits on March 8, 2002, alleging disability due to liver disease,

back pain, and ankle pain.  The claim was denied initially and upon reconsideration; a request for

hearing was timely filed.  A hearing was held on September 14, 2004, where Plaintiff appeared

and testified.  Additionally, Dina J. Galli, a vocational expert ("VE"), and Dr. Thomas Atkin, a

medical expert, appeared and testified.  The Administrative Law Judge (ALJ) issued an adverse

decision on January 13, 2005.  Plaintiff timely made a request for review with the Appeals

Council.  The Appeals Council denied the request for review, accepting the ALJ's decision as the

final decision of the Commissioner of Social Security ("the Commissioner").  Plaintiff filed a

1

Complaint with this Court on April 27, 2006.  The Court heard oral argument on this matter on December 14, 2006, and took the matter under advisement.  The Court now issues the following ruling.

## II.  STANDARD OF REVIEW

This Court's review of the ALJ's decision is limited to determining whether her findings are supported by substantial evidence and whether the correct legal standards were applied.[1]  If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed.[2]

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[3]  Also, "[s]ubstantial evidence requires 'more than a scintilla, but less than a preponderance.'"[4]  The ALJ is required to consider all of the evidence, although he or she is not required to discuss all of the evidence.[5]

---

[1]*Rutledge v. Apfel*, 230 F.3d 1172, 1174 (10th Cir. 2000).

[2]*Richardson v. Perales*, 402 U.S. 389, 402 (1981).

[3]*Clifton v. Chater*, 79 F.3d 1007, 1009 (10th  Cir. 1996).

[4]*Gossett v. Bowen*, 862 F.2d 802, 804 (10th Cir. 1988) (citation omitted); *see also White v. Barnhart,* 287 F.3d 903, 905 (10th Cir. 2001).

[5]*Clifton*, 79 F.3d at 1009.

The Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision.[6]  However, the reviewing court should not re-weigh the evidence or substitute its judgment for that of the ALJ's.[7]

## III.  DISCUSSION

The Commissioner follows a five-step sequential evaluation process for determining disability.[8]  The five steps are: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment; (3) whether the impairment meets or equals the criteria for an impairment listed in Appendix 1 of 20 C.F.R. Subpt. P; (4) whether the impairment prevents the claimant from performing his past relevant work; and (5) whether the impairment prevents the claimant from performing other work.  The burden is on the Plaintiff to meet the first four steps.  However, if Plaintiff does meet all four, the burden shifts to the Commissioner to establish that there are other jobs existing in a significant number in the national economy which Plaintiff is capable of performing.

In this case, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date he alleged he became disabled and that he suffers from severe impairments.  The ALJ found, at step three, that Plaintiff's conditions do not meet or equal a listed impairment. The ALJ also found that Plaintiff could not return to any of his past relevant work.  Finally, the

---

[6]*Shepard v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999).

[7]*Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

[8]*See* 20 C.F.R. § 404.1520(a)-(f).

ALJ found that Plaintiff was not disabled because he could return to work at other jobs.  The

ALJ's findings at steps one, two, and four are not in dispute here.

In his appeal, Plaintiff raises the following issues: whether (A) the ALJ properly found

that Plaintiff's limitations do not meet or equal a listed impairment, (B) the ALJ correctly

assessed Plaintiff's credibility, (C) the ALJ's hypothetical to the VE was proper, and (D) the ALJ

failed to resolve conflicts between the VE's testimony and the Dictionary of Occupational Titles

("DOT").

The Court has reviewed the facts as set forth by the parties in their briefs, as well as the

entire certified record, and makes its ruling as discussed below.

*A. Finding that Plaintiff's Limitations Do Not Meet or Equal a Listed Impairment*

Under the third step of the process for determining disability, the ALJ must determine

whether the claimant's impairment meets or equals a listed impairment.  Plaintiff contends that

the ALJ improperly concluded that his condition does not meet or equal any listed impairment

and failed to provide an adequate explanation.  Plaintiff asserts that, although his conditions do

not meet, they are equivalent to Listings 5.05, for Chronic Liver Disease, and 7.06, for Chronic

Thrombocytopenia, a blood platelet disorder.

When an ALJ arrives at a conclusion unfavorable to the plaintiff, the ALJ must discuss

evidence supporting her decision and give the reason or reasons for finding that the claimant is

not disabled.[9]  While the ALJ must *consider* all of the evidence in arriving at a decision, a

---

[9]*Clifton*, 79 F.3d at 1009.

*discussion* of all the evidence is not required.[10]  However, merely giving a summary conclusion is

not sufficient.[11]  Also, an ALJ's findings at other steps of the sequential process may provide a

proper basis for upholding, and not remanding, a terse step three conclusion.[12]

At the outset of her findings, the ALJ notes that she made her decision "after careful

consideration of the entire record."[13]  In finding that Plaintiff's condition did not meet or equal a

listed impairment, the ALJ noted that she "closely considered listings . . . 5.05 (liver disease) and

7.06 (chronic thrombocytopenia), [and that a]fter a thorough review of the objective evidence,

the undersigned could not find that the claimant's impairments met or equaled the requirements

of these or any other listed impairments."[14]

The Court finds that, while the ALJ's discussion of whether Plaintiff meets or equals a

listed impairment is marginally acceptable in its detail, the ALJ did not err in making her

determination.  Defendant correctly points to several items in the record which indicate that

Plaintiff's symptoms do not equal the requirements of the listings at issue.  For example, as to

Listing 7.06, Plaintiff's platelet counts were not repeatedly below 40, as required by the listing,

and, more importantly, he had no bleeding problems.  With regard to Listing 5.05, Plaintiff did

not have esophageal varices or encephalopathy, bilirubin levels above 2.0 mg, or ongoing

---

[10]*Id*. (emphasis added).

[11]*Id.*

[12]*Fischer-Ross v. Barnhart*, 431 F.3d 729, 734-35 (10th Cir. 2005).

[13]R. at 20.

[14]*Id*. at 22.

occurrence of ascites as required by that listing.  Importantly, the ALJ's determination at step

three is also supported by her findings at the other steps of the sequential process.

At step four of the sequential process, the ALJ made a detailed Residual Functional

Capacity ("RFC") assessment[15] and found that Plaintiff had the RFC to "perform a significant

range of light work with the ability to sit and stand as comfort dictates."[16]  In making this

determination, the ALJ made "careful consideration of the entire record."[17]  Moreover, as

discussed in further detail below, substantial evidence supported the ALJ's determination of the

RFC.[18]  Furthermore, at step five of the sequential process, the ALJ, relying on the testimony of

the VE, concluded that "there are a significant number of jobs in the national economy that

[Plaintiff] could perform."[19]  While this finding is in dispute, the Court finds that it is supported

by substantial evidence, as also discussed in further detail below.  Thus, the Court affirms the

ALJ's finding that Plaintiff's conditions do not meet or equal a listed impairment.

---

[15]*Id.* at 25–26.

[16]*Id*. at 18.

[17]*Id*. at 23.

[18]Docket No. 17, at 9.

[19]R. at 27.

*B.  ALJ's Credibility Determination*

Plaintiff asserts that the ALJ erred in finding that he was "only partially credible."[20]  The

ALJ's finding of a lack of credibility must be supported by substantial evidence.[21]  An ALJ's

"credibility determinations are peculiarly the province of the finder of fact, and [the reviewing

court] will not upset such determinations when supported by substantial evidence."[22]

In her decision, the ALJ found that the Plaintiff was "only partially credible in light of the

claimant's own description of his activities and life style, the degree of medical treatment

required, and the reports of the treating and examining practitioners."[23]  Moreover, the ALJ

emphasized that: (1) Plaintiff asserted his impairments precluded all work activity, yet Plaintiff

could still ride the bus, walk to the store, shop for food, exercise, cook, do laundry and take care

of his own personal needs, as well as run errands for his mother, cut her lawn, and play the

guitar, (2) although Plaintiff testified that he no longer worked as a musician, he had played in

bands subsequent to the onset of his alleged disability, and (3) because Plaintiff continued to use

alcohol and marijuana, in the face of known liver disease and against the advice of treating

physicians, Plaintiff's symptoms may not have been as serious as alleged.

Plaintiff first argues that he never alleged he could not work, but only that he was

disabled.  Moreover, Plaintiff alleges that, at the hearing before the ALJ, he testified that he

---

[20]*Id*. at 17.

[21]*Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995).

[22]*Bean v. Chater*, 77 F.3d 1210, 1213 (10th Cir. 1995).

[23]R. at 17.

could only perform the above-mentioned activities with difficulty.  These distinctions are negligible because they do not controvert the ALJ's basic determination that Plaintiff's purported disability was inconsistent with his activities and lifestyle.  Second, Plaintiff argues that just because he was able to play in bands subsequent to the onset of his alleged disability, this does not preclude that he is currently disabled.  Defendant apparently concedes as to this point.  Third, Plaintiff challenges the ALJ's determination that Plaintiff's ongoing use of alcohol and marijuana, in the face of known liver disease, suggested that claimants symptoms were not as serious as alleged.  The Court is unconvinced that the ALJ erred.  This type of evidence could well suggest lack of credibility to the fact finder.  The Court further notes that Plaintiff fails to address the ALJ's mention of the degree of medical treatment required and the reports of the treating and examining practitioners as bases for her credibility determination.

While not specifically discussed by the ALJ in her decision, other evidence in the record supports the ALJ's ultimate credibility determination.  For example, Plaintiff testified at the hearing that he received wages "under the table" and did not report them.  Also, while Plaintiff initially testified that he had not used drugs since his 2001 hospitalization, he later recanted. Finally, Plaintiff's testimony that he had only worked one day—as a mover—after his alleged onset date was inconsistent with his testimony that he played in bands for money after his onset date.

In short, it appears to the Court that the ALJ's credibility determination was based on "more than a scintilla" of evidence.  Therefore, the Court finds that the ALJ's finding of lack of

credibility is supported by substantial evidence and, as such, will not disturb the determination of the finder of fact in this respect.

Also, in connection with his arguments on the issue of credibility, Plaintiff challenges the ALJ's determination that, in continuing his use of alcohol and marijuana, Plaintiff failed to follow prescribed treatment.  The Court does not address this issue as it feels the ALJ's credibility determination is supported by substantial evidence.  Even if the ALJ's reference to failure to follow prescribed treatment was erroneous, it was harmless error here.

C. *The ALJ's Hypothetical*

Plaintiff argues that the hypothetical given by the ALJ to the VE was incomplete because the ALJ failed to mention numerous alleged limitations, and because "[t]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence."[24]

As a preliminary matter, in connection with this argument, and in an argument referencing the Medical Vocational Guidelines ("Grids"), Plaintiff implies that the ALJ's RFC determination was incorrect.  The ALJ determined that Plaintiff's RFC allowed for light work with a sit/stand option.  The Court notes that the ALJ's RFC determination is supported by substantial evidence, including the assessment of state agency and other physicians.

As to the broader issue of the hypothetical, Defendant correctly points to the lack of evidence in the record supporting any functional limitations which would prevent Plaintiff from

---

[24]*Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) (quoting *Ekeland v. Bowen*, 899 F.2d 719, 724 (8th Cir. 1990)).

performing light work with a sit/stand option.  The ALJ did not err in failing to include

limitations which were dismissed pursuant to her RFC determination.  In short, the Court finds

that the ALJ's hypothetical was appropriate, and supported by substantial evidence.

### D. Failure to Resolve Conflicts Between the VE's Testimony and the DOT

Plaintiff argues that the VE's testimony was inconsistent with the DOT, and that the ALJ

did not inquire as to, or otherwise explain, the inconsistencies.  More specifically, Plaintiff

asserts that a conflict existed because the VE testified that the "light" jobs in which Plaintiff

could work could be accomplished with a sit/stand option, whereas the DOT defines light jobs as

standing only jobs.

Under *Haddock v. Apfel*[25] and Social Security Ruling 00-4p, the ALJ must inquire as to,

as well as explain, any discrepancies between the VE's testimony and the DOT at step five.

The Court finds Plaintiff's argument unconvincing.  First, the ALJ properly found that no

conflict existed between the VE's testimony and the DOT.  The Selected Characteristics of

Occupations Defined in the Revised DOT, Appendix C, indicates that the DOT job categories are

not so neatly delineated in the manner suggested by Plaintiff.  For example, "all Sedentary

occupations involve sitting constantly.  However, in some occupations workers sit constantly but

exert force an amount or at a frequency rate that exceeds those for Sedentary work.  Such

occupations are, therefore, rated at least for Light Work."  Also, the record shows that the VE

correctly explained that there was no conflict because the DOT does not address the precise

sitting or standing requirements for each occupation.  Social Security Ruling 00-4p states that, in

---

[25]196 F.3d 1084, 1087 (10th Cir. 1999).

the absence of a conflict, "[e]vidence from [vocational experts] can include information not listed in the DOT."  In this case, such information properly included precise sitting and standing requirements for the particular occupations mentioned by the VE.  Because Plaintiff's premise that a conflict existed between the DOT and the VE's testimony is incorrect, the ALJ did not improperly fail to inquire as to, or explain, a conflict.

### IV.  CONCLUSION

Having evaluated the record as a whole, the Court finds that the ALJ's findings are supported by substantial evidence, and that the ALJ applied the correct legal standards in denying Plaintiff disability benefits.  Therefore, the Court AFFIRMS the Commissioners decision denying disability benefits to Plaintiff.

DATED   January 16, 2007.

BY THE COURT:

_____

TED STEWART
United States District Judge